UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHALE CONSULTING, LLC | CIVIL ACTION |
| VERSUS | NO. 13-5728 |
| GEORGE WILSON AND, <br> FRAC CONSULTING, LLC | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is a motion to dismiss (Rec. Doc. 35) filed by Defendants, George Wilson and FRAC Consulting, LLC ("Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having carefully considered the parties' supporting and opposing submissions and applicable law, **IT IS FURTHER ORDERED** that Defendants' motion is **GRANTED** to the extent stated herein. Specifically, if Plaintiff desires to proceed further with this action, it must seek leave, no later than twenty (20) days from the entry of this Order and Reasons, to file a second amended and superseding petition. The second amended and superseding petition must include all of the allegations from Plaintiff's original petition on which Plaintiff continues to rely, as well as its additional allegations, such that the case can proceed on the basis of the second amended and superseding petition without requiring further reference to the original or first amended petition. If Plaintiff cannot, or does not, cure these deficiencies by timely amendment, the Court

shall, upon properly supported motion by the Defendants,[1] order its dismissal of these claims to be with prejudice.

## LAW AND ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that complaints provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, in evaluating motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal,* 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the

---

[1] Should Defendants choose to file an additional dispositive motion in this matter, they are to carefully examine the accuracy and propriety of their suggestion that an oral amendment (in late 2012 or early 2013) of the written July 2, 2012 Agreement was not possible given the provision therein excluding oral agreements. See Rec. Doc. 35-1, p. 14; Rec. Doc. 41, p. 3. Unless grounds for distinction exist, Louisiana law authorizes subsequent oral modification of written contracts notwithstanding provisions in such contracts purporting to prohibit such modification. See, e.g., *Monroe v. Physicians Behavioral Hosp., LLC,* Action No. 49, 248-CA, 2014 WL 3933802, *8 (La. Ct. App. 2 Cir. 8/13/14) (citing cases).

complaint sufficient to give fair notice to a defendant").

Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* (internal quotations omitted). Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009); see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted). See also *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue). And, in evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th. Cir.), *cert. denied,* 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law

3

must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 678 (quoting Fed. Rule Civ. P. 8(a)(2)).

In addition to Rule 8(a)(2)'s pleading demands, Rule 9(b) supplements Rule 8(a), if fraud is alleged, by requiring circumstances allegedly constituting fraud be stated with particularity. *See* Fed. R. Civ. Proc. 9(b); *Grubbs,* 565 F.3d at 185. Thus, Rule 9(b) generally requires the plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud." *See, e.g., United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550-51 (2010) (claimant must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"). Significantly, however, courts must realistically observe that "there is no single construction of Rule 9(b) that applies in all contexts." *Grubbs*, 565 F.3d at 188. Indeed, the Fifth Circuit has explained that the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Id.* at 190. "Rather, the rule is context specific and flexible . . . ." *Id.* On the other hand, a relator cannot bypass Rule 9(b)'s pleading requirements simply by premising its allegations "on information and belief." *Thompson,* 125 F.3d at 903. To the contrary, though fraud may be alleged on information and belief if the "facts relating to the fraud are peculiarly within the perpetrator's knowledge," the complaint nevertheless "must set forth a factual basis for such belief." *Id.*

Applying these principles to the allegations of Plaintiff's petition, the Court cannot, at this juncture, definitively conclude that Plaintiff is not in a position to state a viable claim(s)

against Defendants FRAC and/or Wilson. Nevertheless, as presently stated, the allegations of Plaintiff's petition are not sufficient for this purpose. Accordingly, Defendants' motion is granted without prejudice to Plaintiff's right to file an amending and superseding petition, as stated above, that addresses the deficiencies identified in Defendants' motion.

At a minimum, in attempting to set forth various contractual breaches, violations of fiduciary duty, and related claims, Plaintiff's allegations must properly separate the various actors, time periods, and conduct involved. For instance, if Plaintiff contends that separate oral and/or written agreements and/or joint ventures existed at various times between Harrison Banks, Plaintiff, Wilson, and/or FRAC (including relative to "oil contracts" as opposed to "water contracts"), the factual support for those contentions must be plead with sufficient clarity to enable Defendants to respond and the Court to evaluate the legal viability of the claims. The same is true to the extent that Plaintiff contends that the sharing of risk and profit required for a joint venture existed at one or more times between it and one or more defendants.[2] In short, if *particular* groupings of persons, conduct, and time periods are essential to the viability *vel non* of one of more of his claims, Plaintiff cannot expect the Court to either overlook such distinctions or to speculate as to the proper matching(s).

---

[2] For instance, paragraph 10 of Plaintiff's petition alleges, in part: "Wilson promised Banks monthly cash advances up to $65,000 annually, plus expenses. . . ." See Rec. Doc. 1-2, , p.2 of 22. From this statement, it is not clear to the Court whether Plaintiff contends Wilson promised to merely advance funds for expenses ultimately to be borne by Banks, or whether Plaintiff contends that Wilson was to bear all responsibility for the operating expenses associated with Banks' efforts. And, whatever the particulars of the arrangement were relative to the fracking industry, the alleged terms of the financial arrangement applicable to the Banks' efforts "outside of the fracking industry" are similarly, if not more, unclear.

Further, Plaintiff's amending and superseding petition must properly identify, with particularity, the misrepresentations, identity theft, fraud, conversion, and detrimental reliance that allegedly occurred, as well as facts purporting to establish the absence of justification required for a tortious interference with contract claim. The same is true relative to any contention that Defendant Wilson and Defendant FRAC were alter egos or a single business entity. Vague and conclusory allegations, devoid of sufficient factual enhancement to state a facially plausible claim, whether set forth in Plaintiff's petition or legal memoranda, do not and will not suffice.

New Orleans, Louisiana, this 17th day of September 2014.

_____
**KURT D. ENGELHARDT
United States District Judge**