UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHALE CONSULTING, LLC | CIVIL ACTION |
| VERSUS | NO. 13-5728 |
| GEORGE WILSON AND, FRAC CONSULTING, LLC | SECTION "N" (4) |

**ORDER AND REASONS**

Presently before the Court is "Plaintiff's Motion for Rule 60 Relief Including Leave to Amend Order Signed September 17, 2014 (Doc. 42) and Extend Time to Amend Petition" (Rec. Doc. 46) and Defendants' "Motion to Dismiss" (Rec. Doc. 43).  Having carefully considered the parties' opposing submissions, the Court rules on the motions as stated herein.

Plaintiff's motion essentially asks the Court to re-open the amendment period of twenty days, which concluded on October 7, 2014, that was established in the Court's September 17th Order and Reasons.  The Court declines to do so for a number of related reasons.  First, the amendment requirement and deadline was clearly set forth in the opening paragraph of the Court's September 17th Order and Reasons.  Thus, it should not have come as a surprise or been easily overlooked.  Indeed, Plaintiff's counsel does not indicate that he was unaware of the Court's order and deadline, made a mistake in calendaring it, or even simply forgot about it.

Furthermore, Plaintiff failed to seek any relief relative to the October 7th deadline until  filing the instant motion on October 30, 2014, i.e., 41 days after the September 17th Order and

Reasons, and 23 days after the October 7th deadline. This is true notwithstanding that the trial referenced in Plaintiff's motion did not commence until October 1st and concluded on October $3^{rd,}$ and the necessity of the crop harvest started immediately thereafter presumably was not unexpected. Significantly, had Plaintiff's counsel contacted the Court and/or opposing counsel, prior to October 10th, to request additional time for amendment, Defendants could have avoided the expense associated with preparing the motion to dismiss (based on the absence of amendment) filed by them on that date.

Finally, although the Court certainly is not insensitive to the power loss and other consequences of the October 13th tornado, Plaintiff's counsel presumably could have called the Court and/or opposing counsel during that week, or immediately following, regarding the situation, but did not. Nor did Plaintiff's counsel file an opposition to Defendants' motion to dismiss on October 21, 2014, in accordance with Local Rule 7.5, given the October 29th motion submission date.

Given the foregoing, and the need for finality and compliance with the Court's deadlines, **IT IS ORDERED** that Plaintiff's motion (Rec. Doc. 46) is **DENIED**. **IT IS FURTHER ORDERED** that Defendants' motion to dismiss with prejudice (Rec. Doc. 43) is **GRANTED**.

New Orleans, Louisiana, this 6th day of November 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**